**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CHRISTOPHER W. HIMES,

                          Petitioner,

     - v -                                          9:03-CV-01419
                                                                      (TJM/RFT)
SUPERINTENDENT, GOWANDA CORRECTIONAL FACILITY,

                          Respondent.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

CHRISTOPHER W. HIMES
Petitioner, *Pro Se*
01-R-5301
Mt. McGregor Correctional Facility
1000 Mt. McGregor Rd.
Box 2071
Wilton, NY 12831

HON. ELIOT SPITZER                          STEVEN H. SCHWARTZ, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

    *Pro se* Petitioner Christopher W. Himes pled guilty to Driving While Intoxicated, a Class E felony, on August 16, 2001. Christopher Himes, Sentencing Transcript ("Sentencing Tr."), Nov. 1, 2001 at p. 2. On November 1, 2001, Petitioner was sentenced to an indeterminate sentence of one to three years of incarceration by the Honorable Guy P. Tomlinson, Schenectady County Court Judge. *Id.* at p. 18. The sentence was to be served consecutively with the sentence Petitioner

received in Rensselaer County for Driving While Intoxicated. *Id.* Petitioner seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the grounds that: (1) the imposition of a consecutive sentence was a violation of the plea agreement; (2) failure to allow Petitioner to withdraw his guilty plea and proceed to trial after the violation was an affront to Due Process; (3) under New York State law the sentence exceeds the maximum for a Class E felony; and (4) Petitioner was denied effective assistance of counsel. Dkt. No. 8, Am. Pet. at ¶ 12. For the reasons that follow, it is recommended that the Petition be **DENIED.**

## I.  BACKGROUND

Petitioner pled guilty to Driving While Intoxicated on August 16, 2001. Sentencing Tr. at p. 2. The plea agreement was for an indeterminate sentence of one to three years of incarceration, a $2000 fine, license revocation, and waiver of his right to appeal. Sentencing Tr. at p. 3. In addition to the plea bargain, the District Attorney agreed to take no posture as to whether the sentence should run consecutive or concurrent to a similar sentence received from Rensselaer County. Sentencing Tr. at p. 6. At the sentencing on November 1, 2001, the Assistant District Attorney, in violation of the agreement, recommended a consecutive sentence. Sentencing Tr. at p. 6. Judge Tomlinson reminded the ADA of the proposed agreement and advised counsel that the People were required by the court to take the same position they did upon the plea because Petitioner had not violated the agreement. *Id.* After noting that Petitioner had a lengthy history of alcohol related criminal violations, Judge Tomlinson sentenced Petitioner to an indeterminate sentence of one to three years of incarceration to be served consecutively with his prior sentence from Rensselaer. Sentencing Tr. at p. 18. In addition, Petitioner was given two years to pay the fine and waived his right to appeal. *Id.*

On March 17, 2003, Petitioner filed a motion to set aside the sentence pursuant to § 440.20 of New York's Criminal Procedure Law because of the ADA's failure to abide by the plea agreement. The motion was granted and Petitioner was re-sentenced on September 19, 2003, by the Honorable Michael C. Eidens, Schenectady County Court Judge. Christopher Himes, Re-sentencing Transcript ("Re-sentencing Tr."), Sept. 19, 2003 at p. 1. Petitioner was re-sentenced to an indeterminate term of one to three years incarceration to run consecutive with his sentence from Rensselaer County. Re-sentencing Tr. at p. 6. Judge Eidens advised Himes that he had certain appellate rights and must file a notice of appeal within thirty (30) days of the judgment or Petitioner would be forever barred from appealing the terms of the judgment, sentence, or conviction. *Id.* After failing to file any type of appeal in state court, Petitioner filed a Petition for a *Writ of Habeas Corpus* in this Court on January 1, 2004. Dkt. No. 8, Am. Pet.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state courts adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Miranda v. Bennett,* 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. LeFevre,* 246 F.3d 76, 88 (2d Cir. 2001).

The AEDPA affords any factual finding made by a state court a presumption of correctness and requires the applicant to disprove that presumption by clear and convincing evidence. 28

U.S.C. § 2254(e)(1); *see also Boyette v. LeFevre,* 246 F.3d at 88.

### B. Collateral Review of a Guilty Plea

Petitioner argues that his guilty plea for driving while intoxicated should be vacated because it violated the plea agreement, the sentence exceeds the maximum allowed by law for a Class E felony, the failure to allow him to withdraw the plea and proceed to trial was an affront to Due Process, and that he was denied effective assistance of counsel.

It is an established principle of law that a defendant who pleads guilty to a criminal charge waives his right to appeal. *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989). Unless an issue is specifically reserved for appeal by the court, the subsequent plea waives all non-jurisdictional challenges including collateral attack. *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987). When a petitioner accepts such a plea, thus waiving his right to appeal, any review of a collateral attack will be limited to determining whether or not "the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).

To be considered voluntary, a plea must be competently and intelligently given. *Bousley v. United States*, 523 U.S. 614, 618 (1998). This standard requires the sentencing court to look at the totality of the circumstances including the possibility of a heavier sentence if a defendant opted to go to trial as well as "whether the court addressed the defendant and explained his options." *Bello v. People*, 886 F. Supp. 1048, 1054 (W.D.N.Y. 1995) (citing *Magee v. Romano,* 799 F. Supp 269, 300 (E.D.N.Y. 1992)). Courts will also look to see whether or not the plea was entered into with the advice of counsel. *United States v. Broce,* 488 U.S. at 569. The fact that a defendant pled guilty only to limit the possible penalty is non-determinative of involuntariness or counsel's effectiveness. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (holding that defendant's plea to avoid harsh

sentence has the presumption of voluntariness "especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage"). When a petitioner that does plead guilty on the advice of counsel later attacks the voluntariness of that plea, the petitioner has the burden of proving that counsel's advice deviated from the suitable range of competence expected of criminal lawyers. *Tollet v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

In the case at bar, there is nothing in the record to indicate that the court reserved for Petitioner the right to appeal *any* non-jurisdictional issues. Sentencing Tr. at p. 19. In fact, Judge Tomlinson reminded the Petitioner that he had waived his right to appeal, but nevertheless could challenge the adequacy of that waiver. *Id.* Although less specific, Judge Eidens reiterated a similar contention at the Petitioner's re-sentencing and warned him of the thirty-day time limit to file a notice of appeal regarding those specifically appealable issues. Re-sentencing Tr. at. p. 6.

Further, the record is absent of any fact or circumstance to suggest that Petitioner's waiver was anything but voluntary and entered into with the advice of competent counsel. Petitioner had a history of criminal DWI offenses and was facing a fairly substantial term of incarceration. Sentencing Tr. at p. 8. By pleading guilty, Petitioner had lowered that sentence from an indeterminate one and a third to four years, to an indeterminate one to three years of incarceration. *Id.* According to the sentencing transcript, a *negotiated* disposition was indicated on the record at the time of Petitioner's plea. Sentencing Tr. at p. 3. The record indicates that Petitioner was represented at that *negotiated* disposition by counsel from the Schenectady County Public Defender's Office. *Id.* There is nothing to indicate that Petitioner was not advised of his various options including his constitutional right to a jury trial. Arguably, in light of the evidence against

him, Petitioner chose to plead guilty after weighing his options, specifically to face a reduced sentence. There is simply no evidence to suggest that Petitioner's guilty plea was not voluntary, intelligent, or counseled. The test to determine the validity of a guilty plea is, and has always been, "whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford* 400 U.S. at 31. Both prongs of this test were met here.

### C. Failure to Exhaust State Remedies

28 U.S.C. § 2254 provides in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State....
28 U.S.C. § 2254 (b)(1)(A) (emphasis added).[1]

This requirement seeks to eliminate conflict between state and federal courts by providing state courts with the opportunity to correct any violation of a prisoner's constitutional rights, *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981), because state courts are "equally bound to guard and protect rights secured by the Constitution," *Ex parte Royal*, 117 U.S. at 251. A prisoner seeking *habeas corpus* relief can by-pass this requirement in only one of two situations: 1) the state court procedure does not provide an opportunity to obtain redress, or 2) the procedure is so defective that any effort at redress would be futile. *Duckworth v. Serrano*, 454 U.S. at 3; *see also Wilwording v. Swenson*, 404 U.S. 249, 250 (1971).

An applicant for writ of *habeas corpus* shall not be deemed to have exhausted state remedies if the petitioner had the right to raise the question presented, by *any* available procedure, in the

---

[1] In fact, precedent since 1886 dictates that a prisoner held pursuant to state law must exhaust state remedies before a federal court can entertain a writ of *habeas corpus*. *Ex parte Royal*, 117 U.S. 241, 249 (1886).

courts of the state. 28 U.S.C. § 2254(c) (2002). This requires the petitioner to inform "the state court of both the factual and legal premises of the claim he asserts in federal court." *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982)). The factual and legal premises of the claim must have been presented to the highest state court to fulfill the exhaustion requirement. *Dorsey v. Kelly*, 112 F.3d at 52.

Here, Petitioner not only failed to fairly present any of his claims to the New York Court of Appeals, but Petitioner failed to raise *any* claims to *any* appellate court. The record indicates that Petitioner was notified of the thirty-day time limit to file notice of appeal, Re-sentencing Tr. at p. 6, and Petitioner did in fact file such notice. However, until this Petition for Writ of *Habeas Corpus*, nothing was heard from Petitioner at all. Clearly, under these circumstances, Petitioner has failed to meet the requirements under both 28 U.S.C. § 2254 and over one hundred years of case law. This court would be overstepping its bounds if it were now to entertain a *Habeas Corpus* request from a petitioner who had every available opportunity to seek relief through a state court's appellate process and failed to exercise any type of diligence in doing so.

Additionally, the general rule in this Circuit has been to preclude collateral attacks on a conviction when the petitioner has failed to raise the issue on direct appeal and in doing so, dismiss the claim as unexhausted. *Zarvela v. Artuz,* 254 F.3d 374, 378-79 (2d Cir. 2001). This Court may, however, determine there is not a state corrective process available under § 2254(b)(1)(B)(I) if the unexhausted claim is procedurally barred under the law of the state and its presentation therefore is impracticable. *Aparicio v. Artuz,* 269 F.3d 78, 90 (2d Cir. 2001). Under these circumstances, the claim would be deemed exhausted. However, if the federal court determines that the claim is procedurally barred in the state court, then the claim will equally be procedurally barred in the

federal court. *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)); *see also Reyes v. Keane*, 18 F.3d 136, 139 (2d Cir. 1997).

Petitioner's date of sentence was September 19, 2003. Under New York's Criminal Procedure Law § 460.10 (1)(a), a party seeking appeal from a judgment or a sentence has thirty days from the imposition of the sentence to file a notice of appeal. Securing the right to appeal is only the first step in the appellate process. *See* New York Criminal Procedure Laws § 460.10 Practice Commentaries. "Once that step is completed, the prospective appellant must go on to timely comply with the requirements for 'perfection' of the appeal in order to bring the right to fruition." *Id.* Clearly, Petitioner's time to appeal has expired. According to the Third Department's Rules of Practice Rule 800.14(b), unless appellant's time has been extended by the Appellate Division,[2] appellant has sixty-days from the last day he was required to file notice of appeal to perfect that appeal. Thus his claims may not be deemed exhausted but procedurally barred.

The federal court's review of these defaulted claims is therefore conditioned upon Petitioner demonstrating cause for his default and resulting prejudice, or showing evidence that he is innocent of the crime of which he was found guilty.[3] *Coleman v. Thompson*,501 U.S. at 75; *Ramirez v. Attorney General of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*).

To establish legal cause for the procedural default, a petitioner must show some external

---

[2] Pursuant to New York CPL § 460.30, a party must make an application for an extension of the time to appeal. Such application shall not be made more than one year after the expiration of the time to appeal.

[3] This final exception is intended only for the rare case where an actually innocent person was most likely convicted by a constitutional violation. *Murray v. Carrier,* 477 U.S. 478, 496 (1986); *see also Lebron v. Mann,* 40 F.3d 561, 564 (2d Cir. 1994).

factor that prevented him or her from complying with New York's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Such external factors include official interference, ineffective assistance of counsel, or that the basis for the claim was not "reasonably available" at trial or on appeal. *Murray v. Carrier*, 477 U.S. at 488. Attorney apathy is not cause since attorney is acting as petitioner's agent and thus petitioner must "bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. at 488).

Petitioner has not demonstrated any legal cause for his procedural default and the record is devoid of any indication of any of the above claims. Absent anything indicating any such cause, this Court need not decide whether or not Petitioner suffered actual prejudice as to his claim because federal *habeas* relief is unavailable to him unless he can show **both** cause and prejudice. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (citing *Stepney*). Moreover, Petitioner cannot establish that he is actually innocent of the crime for which he was convicted because during his guilty plea he admitted his guilt under oath.

### D. The Merits

Even assuming arguendo that Petitioner had not waived his right to appeal any non-jurisdictional issues, and Petitioner had exhausted state remedies, this Court, turning to the merits, fails to find any constitutional issues here at all. The plea agreement was for the District Attorney to take no posture as to whether Petitioner's sentence should run consecutively or concurrently with the sentence from Rensselaer County. Sentencing Tr. at p. 6. The District Attorney recommended (against his agreement to take no posture) a consecutive sentence. Petitioner was granted a motion to vacate sentence pursuant to NY Criminal Procedure Law § 440.20. Pursuant to

that statute, the underlying guilty plea does not change. *See* CPL § 440.20 and Practice Commentaries. Petitioner is *only* afforded the *opportunity* to be re-sentenced before a different judge. *Id.*

According to NY Penal Law § 70.25, non violent Class E felonies for a repeat offender (here Petitioner is a repeat E felon) is punishable by a minimum sentence of one and a half to two years and maximum of three to four years. N.Y. PENAL LAW § 70.25 (2005). Sentences must run concurrently only where (1) a single act constitutes two offenses, or (2) a single act constitutes one of the offenses and a material element of the other. *See People v. Laureano*, 87 N.Y.2d 640, 643 (1996).

Here, the District Attorney's violation of the plea agreement was rectified by Petitioner's motion to vacate his sentence. According to New York's Criminal Procedure Law § 440.20, the underlying guilty plea does not change. Thus, Petitioner was re-sentenced in accordance with the statute by Judge Eidens who was not obligated to hand out a concurrent sentence. Petitioner was sentenced by two *separate* trial courts (Schenectady County and Rensselaer County) for two *separate* offenses that took place on two *separate* occasions.

Additionally, this Court finds no merit in Petitioner's claim of ineffective assistance of counsel. Counsel's failure to object to the District Attorney's violation of the plea agreement was likewise rectified by the motion to vacate sentence.

To prevail on an ineffective assistance of counsel claim, Petitioner must show that counsel's handling of the case fell below all objective standards of reasonableness required by the profession and there was a reasonable probability that, but for counsel's deficiency, the outcome would be different. *Rattray v. Brown*, 2003 WL 21057287, at *7 (E.D.N.Y. May 7, 2003) (citing *Strickland*

*v. Washington*, 466 U.S.668, 687-88, 694 (1984)).

Although Petitioner's counsel failed to object to the ADA's posturing in violation of the agreement, there is ample evidence in the record to indicate that counsel was never given the opportunity.  Judge Thomlinson, aware that the posturing was a violation of the plea agreement, himself objected to the ADA's behavior and corrected the situation *before* the Petitioner's counsel could object.  Judge Thomlinson's timely correction of the violation rendered counsel's need to object moot.[4]  Additionally, Petitioner failed to prove, or even argue, by any standard, that had his attorney timely objected the outcome of the proceeding would have changed.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

---

[4] Additionally, there is nothing in the record to indicate, and Petitioner has failed to argue that counsel had not advised him of the possibility of a consecutive sentence.

Date:   May 8, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge